UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

                           :

UNITED STATES OF AMERICA

                           :      CONSENT PRELIMINARY ORDER

        - v. -                OF FORFEITURE AS TO SPECIFIC

                           :      PROPERTY

LENARD WILKINS,           S1 25 Cr. 335 (DLC)

                           :

        Defendant.

                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

WHEREAS, on or about November 7, 2025, LENARD WILKINS (the "Defendant"), was charged in a six-count Superseding Indictment, S1 25 Cr. 335 (DLC) (the "Indictment"), with Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Count One); firearms use, carrying, and possession, in relation to the Hobbs Act robbery, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and (ii) (Count Two); possession of a firearm and ammunition after a felony conviction, in violation of Title 18, United States Code, Section 922(g)(1) (Count Three); possession with intent to distribute narcotics, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C) (Count Four); firearms use, carrying, and possession, in relation to the drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Count Five); and Conspiracy to Commit Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 (Count Six).

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Six of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a

sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Four of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Two, Three, and Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offenses charged in Counts Two, Three, and Five of the Indictment, including but not limited to:

      a.  A Ruger LC9, 9mm semi-automatic pistol with serial number 32599553 (the "Firearm");

      b.  Three rounds of WIN 9mm LUGER ammunition;

      c.  Two Rounds of VNM PP 22 ammunition; and

      d.  One round of SPEER 9mm LUGER +P ammunition;

(b. through d., collectively, the "Ammunition");

WHEREAS, on or about 1C/13/25, the Defendant pled guilty to Counts One, Three, Four, and Five, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One, Three, Four, and Five and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title

28, United States Code, Section 2461(c), Title 21, United States Code, Section 853, and Title 18, United States Code, Section 924(d)(1) all right, title, and interest of the Defendant in the Firearm and Ammunition;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Firearm and Ammunition seized from the Defendant by the Government on or about July 9, 2025, in the Bronx, New York (the "Specific Property"), which constitutes property involved in or used in the offenses charged in Counts Three, and Five of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Joe Zabel, of counsel, and the Defendant, and his counsel, Zawadi Baharanyi, Esq., that:

1.    As a result of the offenses charged in Counts One, Three, Four, and Five of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant LENARD WILKINS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.    Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.    The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.    Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10.    The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property may be executed in one or more counterparts, each of which will be deemed an

original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York


By: _____            3/19/26
       Joe Zabel                                                        DATE
       Assistant United States Attorney
       26 Federal Plaza
       New York, NY 10278
       (212) 637-1559



LENARD WILKINS

By: _____            3/19/26
       Lenard Wilkins                                              DATE

By: _____            3/19/26
       Zawadi Baharanyi, Esq.                              DATE
       Attorney for Defendant
       Federal Defenders of New York
       52 Duane Street 10th Floor
       New York, NY 10007


SO ORDERED:

_____            March 19, 2026
HONORABLE DENISE L. COTE                    DATE
UNITED STATES DISTRICT JUDGE